UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY DAVID RAMIREZ-CASTELLANOS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NUGGET MARKET, INC., et al.,<br><br>Defendants. | No. 2:17-cv-1025 JAM AC<br><br><br>ORDER |

Before the court are plaintiffs' discovery-related objections to the district court's July 22, 2019 Status (Pre-trial Scheduling) Order, ECF No. 74 ("Scheduling Order"). ECF No. 75. This matter was referred to the undersigned for resolution by the District Judge assigned to this case. ECF No. 76. The matter was taken under submission without oral argument. Upon review of plaintiffs' objections, the responses filed by defendants, and the entire record, plaintiffs objections are sustained in part and overruled in part.

## I. RELEVANT BACKGROUND

In May 2017, plaintiffs Jimmy David Ramirez-Castellanos and Francisco Javier Gomez Espinoza initiated this Title VII action against defendants Nugget Market, Inc. ("Nugget"), and One Stop Services ("One Stop"). ECF No. 1. In April 2018, a stipulated order was entered setting May 7, 2018 as the deadline for the parties to designate expert witnesses and setting

May 28, 2018 as the deadline to designate supplemental and rebuttal experts. ECF No. 25. In June 2018, a stipulated scheduling order set April 15, 2019 as the trial date. ECF No. 27.

On August 31, 2018, plaintiffs moved to amend the complaint to join as defendants Issa Quarra and Business Management Group ("BMG") (collectively, the "New Defendants") under an "alter ego" theory of liability, based on newly discovered information regarding Nugget's contractual relationship with the New Defendants. ECF No. 30. On November 11, 2018, the district court granted leave to amend, vacating the existing scheduling deadlines (ECF No. 44), and the action proceeded on plaintiffs' First Amended Complaint ("FAC," ECF No. 45). The only difference between the FAC and the original complaint is the addition of the New Defendants. Compare ECF No. 1 and 45. In 2019, the case was stayed for 45 days while the New Defendants obtained substitute counsel following the unexpected death of their original counsel, and thereafter the parties engaged in settlement efforts. ECF Nos. 65, 71.

On July 22, 2019, following receipt of the parties' joint status report, the district court issued the Scheduling Order that is the subject of plaintiffs' current objections. ECF No. 74. As relevant, the Scheduling Order set new deadlines for expert disclosures and overall discovery completion (without discussing the scope of discovery following amendment) and set June 15, 2020 as the new trial date. Id. On July 29, 2019, plaintiffs timely filed the objections described below. ECF No. 75. Both Nugget and the New Defendants have filed responses to the objections, and plaintiffs have filed a reply. ECF Nos. 78, 79, 80.

## II. DISCUSSION

Plaintiffs object that the Scheduling Order (1) appears to reopen fact discovery for all parties without any limitations, (2) appears to allow Nugget to conduct additional expert discovery by experts who were not designated by the original expert disclosure deadline, and (3) sets the pre-trial conference and trial dates too far in the future. ECF No. 75.

A. Fact Discovery Limitations

Plaintiffs argue that defendant Nugget should be precluded from seeking any additional discovery from either plaintiff because plaintiffs' amended complaint did not alter their claims as to Nugget; and Nugget therefore should not receive a "windfall" in the form of further discovery

2

from plaintiffs. ECF No. 75 at 2. Plaintiffs do not seek to limit fact discovery between Nugget and the New Defendants. Id. at 6. As for discovery between the New Defendants and plaintiffs, plaintiffs argue that the New Defendants are entitled to "limited, non-duplicative, and non-burdensome discovery" of Ramirez-Castellanos's claims, but that the New Defendants should not be permitted to depose Ramirez-Castellanos because he has been deposed twice already in this litigation. Id. Further, plaintiffs argue that none of the defendants should be able to pursue further discovery of Gomez Espinoza's claims because they do not include any claims against the New Defendants.[1] Id. at 4.

### 1. *Fact Discovery Between Nugget and Plaintiffs*

The undersigned concludes that no limitation is warranted as to additional fact discovery between Nugget and either plaintiff at this juncture. Plaintiffs do not substantiate their argument that continuing the fact discovery period will result in a windfall to Nugget. While plaintiffs' claims in the FAC remain unchanged against Nugget, Nugget's defense theories might well require further investigation in light of the addition of the New Defendants. Although plaintiffs maintain that the New Defendants and Nugget are essentially one and the same, Nugget contests this allegation. ECF No. 79 at 2, 4. The court is unwilling to impose a blanket limitation of discovery as to either Ramirez-Castellanos or Gomez Espinoza based on plaintiffs' disputed assertion of the defendants' identicality. Of course, Nugget (and plaintiffs) will continue to operate under the requirement that discovery not be unreasonably cumulative, duplicative, or burdensome. See Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs' objection on this point is overruled.

### 2. *Fact Discovery Between New Defendants and Plaintiffs*

The undersigned also declines to impose a limitation against fact discovery between the New Defendants and plaintiffs. While it is undisputed that Gomez Espinoza does not assert any claims against the New Defendants, the New Defendants' point that Gomez Espinoza may still have relevant information regarding his co-plaintiff's claims is well taken. As to Ramirez-

---

[1] In their reply, plaintiffs state that they "do not strongly oppose" additional written discovery by the New Defendants as to Gomez Espinoza's knowledge regarding Ramirez-Castellanos's claims. ECF No. 80 at 8 n.6.

3

Castellanos, the court acknowledges that he was deposed by Nugget on September 21, 2017 and that the deposition was continued to November 16, 2017. Plaintiffs argue that Erick Turner, the late former counsel for One Stop and the New Defendants was aware of Ramirez-Castellanos's scheduled deposition, and by failing to attend somehow forfeited the New Defendants' right to depose him, citing an August 2017 email from Mr. Turner confirming that a stipulated extension to answer the complaint would not impede the deposition. ECF No. 75.4 at 2. The court is unwilling to ascribe such significance to Mr. Turner's absence at a deposition arranged between other parties when the New Defendants were not yet even part of the litigation. Plaintiffs' objection on this point is overruled as well. The New Defendants are permitted to notice depositions of Ramirez-Castellanos and/or Gomez Espinoza, should they choose.

B. <u>Expert Discovery Limitations</u>

Plaintiffs next argue that Nugget should not be permitted to conduct further expert discovery unrelated to the New Defendants by experts who were not disclosed before the initial expert disclosure deadline of May 28, 2018. ECF No. 75 at 6. Specifically, plaintiffs object to Nugget's recent request that Gomez Espinoza be produced for a mental examination by Nugget's emotional distress expert, who was originally designated as an expert in relation to Ramirez-Castellanos's emotional distress claim only. <u>Id.</u> at 6-10. Plaintiffs also contend that Nugget should be precluded from disclosing any experts on the issue of Ramirez-Castellanos's joint employment by Nugget and the New Defendants because Nugget has been able to obtain information about the New Defendants throughout this litigation, due to their closeness. <u>Id.</u> at 11.

Plaintiffs have not provided the court with evidence of Nugget's existing expert disclosures, so the court is not in a position to rule on the propriety any particular expert discovery requests. Nor are objections to a scheduling order the proper forum to litigate such matters. However, the court does find it appropriate to limit Nugget's expert discovery regarding plaintiffs' claims. Nugget had ample opportunity to designate the experts necessary to evaluate and respond to plaintiffs' claims under the original scheduling order. Nugget argues that precluding additional expert discovery will prevent it from addressing Gomez Espinoza's emotional distress claim. ECF No. 79 at 7. However, it is actually Nugget's choice not to

designate an expert witness with regard to that claim that created this problem. The court does not see why the addition of the New Defendants would necessitate only now deciding that Gomez Espinoza's emotional distress requires expert examination. Unlike its possible need for further fact discovery upon the addition of the New Defendants, the court cannot envision a need for Nugget to conduct further expert discovery that did not precede the New Defendants' joinder. Therefore, Nugget's expert discovery will be limited to issues related to the New Defendants that could not have been anticipated before the original May 2018 deadline for expert disclosures. That does not include a mental examination of Gomez Espinoza by Nugget's emotional distress expert.

Conversely, the court does not find it warranted to limit expert discovery between Nugget and the New Defendants. Despite the defendants' alleged closeness, if not identicality, the parties are entitled to an opportunity to conduct formal discovery now that the New Defendants have been joined in the action.

Plaintiffs' objection on this point is sustained as to expert discovery between Nugget and plaintiffs and overruled as to the remainder.

C. Pre-Trial & Trial Dates

Finally, plaintiffs object to a "prolonged trial and pre-trial schedule," arguing that a more limited discovery schedule necessitates a trial date "sooner than June 2020." ECF No. 75 at 11-12. The June 15, 2020 trial date was set according to the district court's standard trial scheduling procedure. With this date, the trial will take place only 14 months after the parties were named and all were properly represented. Absent consent to the jurisdiction of a magistrate judge, the court's calendar does not permit an earlier trial date.

////
////
////
////
////
////

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' objections to the Scheduling Order (ECF No. 75) are OVERRULED in part and SUSTAINED in part:

    a. Plaintiffs' objections to continued fact discovery are overruled;

    b. Plaintiffs' objections to continued expert discovery are sustained in that defendant Nugget's expert discovery is hereby limited to issues related to the New Defendants that could not have been anticipated before the May 2018 original close of expert discovery, and overruled as to the remainder; and

    c. Plaintiffs' objection to the trial date is overruled.

IT IS SO ORDERED.

DATED: August 12, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE